## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CATHRYN L. JAEGER,                          )
                                            )
                        Plaintiff,          )
                                            )
vs.                                         )        Case No. 05-cv-0479-MJR
                                            )
CLEAR WING PRODUCTIONS, INC.,               )
                                            )
                        Defendant.          )

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

While attending a concert at a local college in November 2003, Cathryn Jaeger tripped on a bundle of electrical cords and fell, thereby sustaining injuries. Jaeger sued Clear Wing Productions, the company that operated the lighting and sound equipment at the concert, in the Circuit Court of Madison County, Illinois.

On July 8, 2005, thirty days after having been served with the state court complaint, Clear Wing removed the action to this United States District Court, asserting that subject matter jurisdiction lies under the federal diversity statute, **28 U.S.C. § 1332**.

On threshold review, the Court **DIRECTS** the parties to address two issues:

(1) does the amount in controversy exceed $75,000, exclusive of interest and costs?; and (2) in what state(s) is Clear Wing incorporated and maintaining its principal place of business?

As to the second question, the removal notice states that Clear Wing is a Wisconsin citizen but does not identify *both* aspects of citizenship under § 1332(c)(1) needed for this Court to verify that diversity is complete.

As to the first question, preliminary examination indicates that the amount in

controversy suffices, as the complaint alleges that Jaeger sustained "serious and permanent injuries," "severe and disabling injuries," and mental anguish.  The complaint further alleges that Jaeger has incurred and will continue to incur bills for medical care and treatment, that she is impaired to the extent that she is unable to work, and that she requests a "substantial sum of money" as damages (Complaint, Doc. 2, pp. 2-3).   The complaint, however, only requests over $50,000 in damages (in keeping with the pleading practice in Illinois state court).  Further briefing will lay to rest any lingering doubts regarding the amount in controversy.

Jaeger's counsel and Clear Wing's counsel should each file a "Jurisdictional Memorandum" no longer than 3 pages on or before **July 25, 2005**.  Once the Court has reviewed those memoranda, it will determine whether subject matter jurisdiction lies.  If the answer is yes, the Court will "track" the case and assign a firm trial date.

**IT IS SO ORDERED.**

**DATED this 12th day of July, 2005.**


**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Court**