IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHRYN L. JAEGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0479-MJR |
| ) | (consolidated with 05-cv-0814-MJR) |
| CLEAR WING PRODUCTIONS, INC., ) | |
| and EVENT RESOURCES PRESENTS, INC., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

REAGAN, District Judge:

  A. Introduction

  Removed here on the basis of diversity jurisdiction, this case involves injuries sustained by Cathryn Jaeger while attending a music concert in the auditorium of Southern Illinois University in Edwardsville, Illinois ("SIU"). Two Defendants are named in the amended complaint: (1) Clear Wing Productions, Inc., and (2) Event Resources Presents, Inc.

  The suit alleges that SIU sponsored the concert and that Clear Wing and Event Resources maintained and operated the sound and lighting equipment at the concert. Jaeger tripped on extension cords while walking to her seat and claims to have sustained "serious and permanent injuries" as a result of her fall, including "severe and disabling injuries" to her back, hips and arms. *See* amended complaint at Doc. 15.

  Now before the Court is Event Resources' August 8, 2006 motion to dismiss (Doc. 28), to which Jaeger responded September 8th (Doc. 29), Event Resources replied

September 13th (Doc. 33), and Jaeger sur-replied September 20th (Doc. 36). For the reasons stated below, the Court denies the motion.

### B. Analysis

Event Resources' motion (2 pages long, accompanied by a certificate of service and 25 pages of exhibits) does not specify the Rule of Civil Procedure under which dismissal is sought. Presumably, the motion was filed under Federal Rule of Civil Procedure 12(b)(6), as it challenges Jaeger's claim itself -- as opposed to subject matter jurisdiction, personal jurisdiction, venue, or service of process (which would fall under Rules 12(b)(1) through 12(b)(5)).

When reviewing a complaint in the context of a Rule 12(b)(6) dismissal motion, the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences. *Hollander v. Brown*, 457 F.3d 688, 690 (7th Cir. 2006); *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006). A complaint should be dismissed only if there is "no set of facts, even hypothesized, that could entitle a plaintiff to relief." *Massey v. Merrill Lynch & Co., Inc.*, - F.3d -, 2006 WL 2620902 (7th Cir. Sept. 14, 2006).

In the case at bar, Event Resources seeks dismissal of this entire action on two grounds: (1) Jaeger, as a debtor in a Chapter 13 bankruptcy proceeding, lacks standing to pursue this personal injury/negligence action (*i.e.* as "property" of the bankruptcy estate, this lawsuit falls within "the exclusive province" of the bankruptcy trustee); and (2) the failure to timely disclose the existence of this action in the

bankruptcy proceeding judicially estops Jaeger from pursuing this action.

But in seeking dismissal, Event Resources relies on materials *outside the pleadings*, namely Jaeger's Voluntary Chapter 13 Petition. That petition was submitted with the dismissal motion but was not attached to Jaeger's amended complaint in this case and is not considered part of the pleadings which the Court can analyze on a Rule 12(b)(6) dismissal motion. *See* Fed. Rule Civ. P. 12(b)(6), 12(c), 10(c); *Loeb Industries, Inc. v. Sumitomo Corp.*, 306 F.3d 469, 480 (7th Cir. 2002).[1] Such material properly may be considered on a summary judgment motion filed under Rule 56, but this Court cannot consider it on a dismissal motion.

C.   Conclusion

Confined to reviewing the amended complaint (Doc. 15) under the liberal standard of review governing Rule 12(b)(6) motions, the Court must **DENY** Event Resources' August 8, 2006 motion to dismiss (Doc. 28). Counsel are reminded that dispositive motions are due by November 1, 2006 (*see* Doc. 23).

IT IS SO ORDERED.

DATED this 12th day of October 2006.

> s/ Michael J. Reagan  
> Michael J. Reagan  
> United States District Judge

---

[1] Similarly, Jaeger relies on material "outside the pleadings" in opposing dismissal. *See* Docs. 29 and 32, including the Chapter 13 Bankruptcy Plan, Judge Meyers' Order confirming the Plan, and August 2006 correspondence from Jaeger's attorney to the bankruptcy trustee and to Jaeger's counsel in this civil lawsuit.