IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHRYN L. JAEGER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLEAR WING PRODUCTIONS, INC., )<br>and EVENT RESOURCES PRESENTS, INC., )<br>)<br>Defendants. ) | Case No. 05-cv-0479-MJR<br>(consolidated with 05-cv-0814-MJR) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    <u>Introduction and Procedural History</u>

In November 2003, while walking to her seat at a concert in the auditorium of Southern Illinois University, Cathryn Jaeger tripped and fell. In June 2005, Jaeger filed suit in the Circuit Court of Madison County, Illinois against Clear Wing Productions, Inc. Jaeger alleged that Clear Wing had operated the lighting and sound equipment for the concert. She further alleged that Clear Wing's negligence (for example, in failing to warn patrons about the dangerous positioning of extension cords and electrical wires on the auditorium floor) had proximately caused her to sustain "severe and disabling injuries" to her back, hips, and arms.

Clear Wing timely removed the case to this United States District Court. On threshold review, after soliciting briefs from counsel, the undersigned Judge determined that subject matter jurisdiction lay under the federal diversity statute, 28 U.S.C. § 1332.

By late August 2005, a Scheduling and Discovery Order had been entered, and the case was given a firm trial date. Jaeger amended her complaint in March 2006 to add a second Defendant – Event Resources Presents, Inc.[1]

The amended complaint alleged that Clear Wing (Count I) and Event Resources (Count II) maintained and operated the lighting/sound equipment at the concert, and their negligent acts and omissions resulted in Jaeger's injuries. The Scheduling Order was amended (*see* Doc. 23), and additional pleadings were filed, including a crossclaim and dismissal motion by Event Resources (*see* Docs. 27, 28).

In October 2006, the undersigned District Judge denied Event Resources' dismissal motion, filed under Federal Rule of Civil Procedure 12(b)(6). Event Resources had urged dismissal on dual grounds: (1) Jaeger, as a debtor in a Chapter 13 bankruptcy proceeding, lacks standing to pursue this personal injury/negligence action (*i.e.* as property of the bankruptcy estate, this lawsuit falls within the exclusive province of the bankruptcy trustee); and (2) the failure to timely disclose the existence of this action in the bankruptcy proceeding judicially estops Jaeger from pursuing this action.

But Event Resources had relied on materials outside the pleadings in seeking dismissal, and the Court (unable to consider such material) denied the motion on October 12, 2006 (*see* Doc. 37).

---

[1] On March 1, 2006, Jaeger filed – in this federal court – a separate lawsuit against Event Resources (Case No. 05-cv-0814), which was randomly assigned to Judge David R. Herndon. On March 1, 2006, the two suits were consolidated before Judge Reagan. *See* Doc. 14. Judge Reagan then directed Jaeger to file an *amended* complaint that listed both Defendants.

Four days later, Event Resources moved for summary judgment. That motion has been fulled briefed (*see* Docs. 38, 41, 43). For the reasons stated below, the Court DENIES the motion for summary judgment.

B.   Analysis

Summary judgment is appropriate when the record before the Court reveals that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. **Fed. R. Civ. P. 56(c)**.

In assessing such a motion, the Court views the facts in the light most favorable to the non-moving party. However, if the non-moving party fails to establish the existence of an element essential to his case, on which he will bear the burden of proof at trial, Rule 56(c) mandates entry of summary judgment against him, "because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006).

In the instant case, at the heart of the parties' dispute lies Cathryn Jaeger's May 2003 voluntary Chapter 13 petition, filed in U.S. Bankruptcy Court for the Southern District of Illinois. Clearly, Jaeger failed to disclose this lawsuit in her initial bankruptcy filings. Section 4 of the Statement of Financial Affairs (Doc. 38, Exh. A, pp. 18-19) directs the debtor to: "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." In response to this question, Jaeger marked "NONE."

But that response, signed by Jaeger under penalty of perjury, is dated May 16, 2003. According to the first amended complaint (Doc. 15), Jaeger was not injured until November 13, 2003. So she could not have disclosed, on the May 2003 voluntary petition, a claim for an injury that had not yet occurred.[2]

The inquiry does not stop there, though. Jaeger concedes (Doc. 41, p. 4) that she did not disclose the existence of this claim when she modified her Chapter 13 Plan three times *after* the injury – on November 20, 2003, November 21, 2003 and December 4, 2003.[3]

Event Resources maintains that Jaeger had a continuing duty to disclose the existence of potential causes of action, and her failure to disclose this claim in November and December 2003 means that she lacks standing to pursue this claim now or is judicially estopped from pursuing this claim now. Jaeger counters that (a) no such duty exists as to *post*-petition personal injury causes of action, and (b) her failure "to disclose the pending lawsuit in her modified Plans … was inadvertent and not intentional" (Doc. 41, p. 4).[4]

Event Resources cites a Fifth Circuit case to support its position on the ongoing duty to disclose. *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).

---

[2]   Jaeger's suit was not filed in Madison County, Illinois until June 1, 2005.

[3]   Jaeger's original/initial Chapter 13 *Plan* was signed on May 15, 2003.

[4]   It is more accurate to refer to Jaeger's failure to disclose this "claim" or "potential cause of action," as the *lawsuit* wasn't pending until June 2005.

Jaeger cites two bankruptcy court decisions (one from Florida, one from Georgia) to bolster her assertion that Chapter 13 debtors have no obligation to include post-petition personal injury claims/actions in their schedules. *In re Studer*, 237 B.R. 189 (Bankr. M.D. Fla. 1998); *In re Farmer*, 324 B.R. 918 (Bankr. M.D. Ga. 2005).

Although the undersigned Judge need not resolve this point to rule on the matter at hand, Event Resources' argument appears to rest on solid ground. Jaeger's claim arose post-petition, but she filed multiple amended pleadings in the Bankruptcy Court *after* she was injured, and she did not list this claim it in any of them.

The caselaw plainly holds that a debtor must amend his pleadings whenever circumstances change. *See, e.g., Ajaka v. Brooksamerica Mortgage Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006)(Where debtor failed to amend plan to reflect contingent Truth-in-Lending claim, the Court emphasized: "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."). *Accord In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)(Bankruptcy Code and Rules impose upon debtors an affirmative duty to disclose all assets, including contingent and unliquidated claims.).

The Court need not decide this issue here. Viewed in the light most favorable to the non-movant (Jaeger), the record before the Court (including an affidavit and two letters from Jaeger's bankruptcy attorney, Allen G. Mealey) suggests that

Jaeger's failure to disclose was inadvertent oversight, not deliberate manipulation.[5]

The Courts have been reluctant to apply the doctrine of judicial estoppel in the bankruptcy context where the nondisclosure of a claim was inadvertent. For instance, earlier this year, the Eighth Circuit Court of Appeals stressed: "Notably, judicial estoppel does not apply when a debtor's 'prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court.'" *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1048 (8th Cir. 2006), *quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3rd Cir. 1996).

The doctrine of judicial estoppel, which "protects the integrity of the judicial process," *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 738 n.6 (8th Cir. 1987), should be invoked when a party *abuses* the judicial forum or process by making a *knowing* misrepresentation to the court or perpetrating a fraud on the court. *Stallings*, 447 F.3d at 1047. *See also* New Hampshire v. Maine, 532 U.S. 742, 750 (2001)(confirming that it may be "appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.").

If a debtor's failure to disclose a claim in his bankruptcy proceeding was

---

[5] During her August 2006 deposition in the above-referenced case, when questioned by defense counsel about whether she had ever filed for bankruptcy petition, Jaeger discovered that she might need to disclose the pending lawsuit to the bankruptcy trustee. Within three weeks, Jaeger's bankruptcy counsel (Mr. Mealey) informed Ron Buch of the Chapter 13 Trustee's Office about this personal injury lawsuit. See Exhibits C, D, and E to Doc. 41. According to Mealey's affidavit, Buch responded that Jaeger did *not* need to amend her bankruptcy schedules or Chapter 13 plan, since the claim accrued after the bankruptcy petition was filed (Doc. 41, Exh. E).

"calculated to make a mockery of the judicial system," then judicial estoppel bars him from taking advantage of the situation. *Ajaka*, 453 F.3d at 1345. In the case sub judice, as in *Ajaka*, genuine issues of material fact certainly remain as to *whether* Jaeger's failure to disclose constituted "cold manipulation" or "intentional contradiction" as opposed to a "confused blunder" or "simple error or inadvertence." *Id.*, n.7. *See also American Nat'l Bank of Jacksonville v. FDIC*, 710 F.3d 1528, 1536 (11th Cir.1983)(explaining that judicial estoppel applies to the "calculated assertion" of divergent positions).

So summary judgment is not warranted on the basis of judicial estoppel. Which leaves Event Resources' argument for summary judgment based on Jaeger's alleged lack of standing to bring this action.

In the broad sense, standing requires that a plaintiff allege an injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *DaimlerChrysler Corp. v. Cuno*, - U.S. -, 126 S. Ct. 1854 (2006). The Seventh Circuit has described standing as requiring, "at an irreducible minimum," that the party invoking the court's authority "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Laskowski v. Spellings*, 443 F.3d 930, 942.

Put another way: "A person whose injury can be redressed by a favorable judgment has standing to litigate." *FDIC v. Ernst & Young, LLP*, 374 F.3d 579, 581

(7th Cir. 2004), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-62 (1992). In the case at bar, the issue is whether Jaeger is such a person, or whether the bankruptcy trustee is the true "owner" of the claim, with the exclusive right to pursue it in this Court.

Event Resources correctly notes that 11 U.S.C. § 541(a) vests all legal claims in the bankruptcy estate. It is beyond question that the property of the bankruptcy estate is broadly defined and reaches conditional and future interests of the debtor. Statutes and caselaw establish that the bankruptcy trustee has the capacity to sue and be sued. *See, e.g.,* 11 U.S.C. § 323.

Additionally, the Seventh Circuit has declared that the bankruptcy trustee "has the sole responsibility to represent the estate, by bringing actions on its behalf to marshal assets for the benefit of the estate's creditors." *Fisher v. Apostolou*, 155 F.3d 876, 879 (7th Cir. 1998), *citing In re Perkins*, 902 F.2d 1254, 1257 (7th Cir. 1990). *See also In re Consolidated Industries Corp.*, 397 F.3d 524, 526 (7th Cir. 2005)(Bankruptcy trustee "has standing to pursue any cause of action a creditor could have pursued.").

Event Resources argues that the right to pursue legal and equitable claims is the "exclusive province of the bankruptcy trustee," and thus the debtor lacks standing to bring such claims (Doc. 38, p. 2, *citing Bauer v. Commerce Union Bank*, 859 F.2d 438 (6th Cir. 1988), and *Biesek v. Soo Line RR Co.*, 440 F.3d 410 (7th Cir. 2006)("Pre-bankruptcy claims are part of debtors' estates; this FELA claim therefore belongs to

the Trustee, for the benefit of Biesek's creditors")).

But *Biesek* differed from the case at bar in two critical ways. First, the claim accrued *prior* to the debtor's filing of the bankruptcy petition – unlike Jaeger's post-petition personal injury claim. Second, Biesek was a Chapter 7 debtor, whereas Jaeger is a Chapter 13 debtor. Bauer was a Chapter 7 debtor also.[6]

Event Resources contends that the distinction between the different types of bankruptcy filings (Chapter 7 or 11 on one hand and Chapter 13 on the other) "is not dispositive of the issue before this court" (Doc. 43, p. 2). Event Resources relies on an Eastern District of Missouri bankruptcy decision for this point. *Richardson v. United Parcel Service*, 195 B.R. 737 (E.D. Mo. 1996), did involve a Chapter 13 debtor (like Jaeger in the case at bar) and concluded:

> Causes of action which belong to the debtor, including employment discrimination claims, are estate property.... Accordingly, the bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor's causes of action.... Therefore, unless the trustee abandons the property, **only the trustee is authorized to pursue a cause of action**. 11 U.S.C. § 323.

*Id.* at 739, emphasis added.

Precedent from the Seventh Circuit, however, contains a different result in cases *other than* Chapter 7 liquidation proceedings.

---

[6] Event Resources' reply brief (Doc. 43) cites *Bauer* plus *In re B.J. McAdams*, 66 F.3d 931, 935 (8th Cir. 1995), for the proposition that the bankruptcy trustee alone has standing to bring the debtors' claims. *McAdams*, too, involved a Chapter 7 debtor.

The Seventh Circuit delved into this topic in considerable detail in *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-74 (7th Cir. 1999).

> In liquidated proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate.... The same cannot be said for trustees under the reorganization chapters. In those regimes, the debtor has express authority to sue and be sued. Bankruptcy Rule 6009 .... directs that with or without court approval, the *trustee or debtor in possession* may ... prosecute any action or proceeding in behalf of the estate before any tribunal....
>
> Chapter 13 grants the debtor possession of the estate's property, 11 U.S.C. § 1306(b), which is defined by § 541 to include "'all legal or equitable interests of the debtor in property as of the commencement of the case."... The chose in action, here a discrimination case, belongs to the estate and was being prosecuted for the benefit of its creditors.... Significantly, the Second and Third Circuits have agreed that Chapter 13 debtors can bring claims in their own name....
>
> *Heath* [115 F.3d 521 (7th Cir. 1997)] and the cases cited therein do not concern the authority of debtors-in-possession under Chapter 11 and 13.... Therefore, those cases cannot mean that a debtor-in-possession under Chapter 13 does not have the power to sue on behalf of the estate.
>
> The Chapter 13 debtor has standing to bring claims that benefit the estate.

Legislative history of the statutory provision regarding the role and capacity of the bankruptcy trustee (11 U.S.C. § 323) mirrors the Seventh Circuit's conclusion in *Cable*.

> Subsection (a) of this section makes the trustee the representative of the estate. Subsection (b) grants the trustee the capacity to sue and to be sued. If the debtor remains in possession in a chapter 11 case, section 1107 gives

> the debtor in possession these rights of the trustee: **the debtor in possession becomes the representative of the estate, and may sue and be sued. The same applies in a chapter 13 case.**

11 U.S.C. § 323, "Historical and Statutory Notes," *citing* Senate Report No. 95-989 **(emphasis added).**

Event Resources' standing argument had first-blush appeal but did not thoroughly address the question of whether Jaeger is a Chapter 13 debtor-in-possession who can sue on behalf of the estate, as in the Seventh Circuit's *Cable* decision.

Jaeger asserts that not only she, but also her creditors, will suffer prejudice if the case is dismissed based on "her inadvertent failure to disclose the pending personal injury lawsuit" in her later bankruptcy filings, especially in light of the fact that she sustained serious injuries and had incurred medical bills totaling over $143,000 to date (*see* Doc. 41, p. 5). Jaeger offers to immediately notify the bankruptcy trustee, if she recovers anything in this pending litigation (*see* Doc. 47, p. 3).

Counsel have not adequately discussed the law governing a Chapter 13 debtor, such as Jaeger, whose cause of action/claim arose *between* the filing of her bankruptcy petition and the modification of her Chapter 13 plan. Event Resources' entire motion/memorandum is only 4 pages in length, with a 4-page reply brief. In neither the motion/memorandum nor the reply brief did Event Resources cite *Cable*, which is somewhat troubling, as that case promptly pops up on a basic Westlaw© search of Seventh Circuit law ["bankruptcy & (standing /s sue /s trustee or debtor)"].

The summary judgment motion and supporting materials did not fully cover the specific facts of the case at hand – the standing held by a Chapter 13 debtor with a post-petition claim. The record before this Court does not establish that Event Resources is entitled to judgment as a matter of law on this ground.

C.   Conclusion

Genuine issues of material fact preclude the entry of summary judgment on the basis of judicial estoppel.  The record does not establish that Event Resources is entitled to judgment as a matter of law on the basis of standing.   Accordingly, the Court **DENIES** Event Resources' October 16, 2006 summary judgment motion (Doc. 38).

Cognizant of the fact that the dispositive motion deadline has elapsed, the Court will not allow the above ruling to be revisited via a supplemental summary judgment motion.  The Court <u>will</u> permit the parties to address the narrow issue of whether Jaeger or the bankruptcy trustee is the "real party in interest" under Federal Rule of Civil Procedure 17(a).   In fact, the Court would be inclined to permit the bankruptcy trustee to weigh in on this issue, absent a compelling objection by counsel.

The Court **SETS A HEARING** at **9:00 am on Friday, January 19, 2007**. Counsel are directed to appear prepared to address whether Cathryn Jaeger or the bankruptcy trustee should proceed forward in this action.  The final pretrial conference and jury trial remain set February 9, 2007 and March 5, 2007, respectively.

The Court **DIRECTS** Jaeger's counsel to forward a copy of this Order to the bankruptcy trustee and to **notify** the undersigned Judge's law clerk at 618-482-9229 when

that has been done. Any objection to the trustee participating in the January 19th hearing should be e-filed by counsel on or before January 8, 2007.

Finally, in case any question arises during the January 19th hearing regarding the chronology of events in the Bankruptcy Court or the status of proceedings there, the Court **DIRECTS** Event Resources' counsel (who filed the summary judgment motion which the Court has just denied) to bring to the hearing a complete docket sheet of the bankruptcy proceeding, as well as (a) copies of the November and December 2003 amended plans and (b) any Confirmation Order that entered *after* those amendments. Those pleadings were referenced in the summary judgment motion but not provided to the Court.[7]

IT IS SO ORDERED.

DATED this 13th day of December 2006.

                                             s/ Michael J. Reagan             ___
                                             Michael J. Reagan
                                             United States District Judge

---

[7] Event Resources did provide Jaeger's Chapter 13 petition, and Jaeger provided a copy of the initial (May 2003) Chapter 13 plan plus the June 20, 2003 Confirmation Order.